IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

    Plaintiff,

v.

SEATTLE IRON & METALS CORP.,

    Defendant.

Case No. C12-1201 RSM

ORDER DENYING MOTION FOR RELIEF FROM A DEADLINE

This matter comes before the Court on Defendant Seattle Iron and Metals Corporation ("SIM")'s Motion for Relief from a Deadline. Dkt. #71. This Motion was filed on September 20, 2018.

The deadline for filing "motions related to discovery" passed on September 7, 2018. Dkt. #44. Discovery closes in this matter on October 9, 2018. *Id*. Trial remains set for February 4, 2019. *Id*.

Defendant SIM moves the Court for "relief from the September 7, 2018 deadline for the disclosure of rebuttal expert testimony and the October 9, 2018 pretrial deadline for discovery." Dkt. #71 at 1. This request is based on Plaintiff Puget Soundkeeper Alliance's

ORDER DENYING MOTIONS FOR RELIEF FROM A DEADLINE – 1

"notice on September 13, 2018 that it would not accept SIM's service via email on September 7, 2018 of Defendant's First Set of Interrogatories and Requests for Production and SIM's disclosure of rebuttal expert testimony." *Id*. SIM acknowledges that there was not an agreement for service by email in this matter, but argues that Soundkeeper has suffered no prejudice from receiving the above via email. In any event, SIM hand delivered these documents to Soundkeeper on September 13, 2018.

In Response, Soundkeeper argues that the Court issued a scheduling order in this case on January 29, 2018, after this case has been ongoing for several years, and that SIM had over seven months to serve discovery requests on Soundkeeper. Dkt. #73 at 2. Soundkeeper argues that the discovery requests were late because the responses would not be due until after the discovery deadline. Soundkeeper argues that SIM has failed to demonstrate good cause.

Local Civil Rule 16 states that "[i]nterrogatories, requests for admissions or production, etc., must be served sufficiently early that all responses are due before the discovery deadline." LCR 16(b)(2). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 16 requires "good cause" in order to modify a scheduling order after a deadline has passed. The "good cause" standard focuses on the diligence of the party requesting modification. *Johnson*, 975 F.2d at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(b) further provides that the dates in the scheduling order are binding and "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Civil Rule 16(m) states that "this rule will be

ORDER DENYING MOTIONS FOR RELIEF FROM A
DEADLINE – 2

strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

In examining this Motion, the Court's first inquiry is diligence. The Court finds that Defendant SIM has not acted diligently in waiting until the end of discovery to serve the discovery requests at issue, and that such service was not initially proper. SIM has failed to demonstrate good cause to modify the scheduling order, as mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance. Although both parties have made arguments about the prejudice they have suffered in this case, or the lack of prejudice suffered by the other side, the Court concludes that such is not required to deny this Motion. *See Coleman, supra*.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant SIM's Motion for Relief From a Deadline (Dkt. #71) is DENIED.

DATED this 4th day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS FOR RELIEF FROM A DEADLINE – 3