1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

      Plaintiff,

    v.

SEATTLE IRON & METALS CORP.,

      Defendant.

Case No. C12-1201RSM

ORDER GRANTING MOTION TO
ENFORCE CONSENT DECREE

This matter comes before the Court on Plaintiff Puget Soundkeeper Alliance ("Soundkeeper")'s Motion to Enforce Consent Decree, Dkt. #89.

In this case, Soundkeeper alleged that Seattle Iron & Metals Corporation, ("SIMC") violated various provisions of Clean Water Act ("CWA") permits that authorized stormwater and industrial wastewater discharges from SIMC's facilities in Seattle's Georgetown neighborhood used for vehicle and scrap metal recycling and storage. Dkt. #38. Relevant to this Motion, Soundkeeper alleged that SIMC's scrap handling activities emit dust and harmful particles into the air that contaminate the neighborhood and Duwamish River in violation of the CWA and Resource Conservation and Recovery Act ("RCRA"). *Id.* at 55, 104-108, and 134.

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE – 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

The parties settled the case via a Consent Decree, which the Court entered on March 3, 2019.  Dkts. #82 and #84.  SIMC agreed to install wind fencing to contain dust emissions by mid-2019.  Dkt. #84 at 6.  Additional technical analysis revealed that "replacing one set of wind fences with an enclosure for the trommel equipment to control dust closer to its source," would be more effective.  Dkt. #86 at 2.  The parties therefore filed a proposed Amended Consent Decree with the Court on September 10, 2020, replacing the dust fence requirement with a requirement to enclose the trommel equipment, amending the installation schedule, and requiring additional penalty payments, including stipulated daily penalties if the new deadline for the trommel enclosure was not met.  *Id.* at 2, Dkt. #86-2 at 5.  The terms and conditions of the original Consent Decree were to remain in full force and effect except as specifically amended.  Relevant to the instant Motion, the Amended Decree stated:

> Within 21 weeks of the City of Seattle's issuance of the building permit for the trommel enclosure, SIMC shall install the permitted trommel enclosure. In the event that SIMC fails to install the trommel enclosure within 21 weeks of permit issuance, SIMC shall pay stipulated penalties of $1,000 per day until the trommel enclosure is installed.

Dkt. #88 at 5.  Earlier, the Amended Decree states that SIMC completed "design drawings and City of Seattle permit applications for wind fences and a trommel enclosure that meet the requirements of this section and are approved by Dr. Ranajit Sahu, the parties' joint consultant."  *Id.* at 4.   The Court entered the Amended Decree on October 30, 2020.  Dkt. #88.

The original Consent Decree contained a force majeure clause allowing delays "outside the reasonable control of SIMC," including those caused by the actions or inactions of third parties.  *See* Dkt. #84 at 11–12.  "In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event."  *Id*. at 12.

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE – 2

Paragraph 11 provides that a prevailing party should be awarded its costs, including attorneys' fees, in any proceedings to enforce the Consent Decree. *Id.* at 12.

The City of Seattle approved SIMC's trommel enclosure construction permit on March 26, 2021, and while SIMC anticipated the permit would issue in April, the City did not issue the permit until July 22, 2021. Dkt. #90 ("Kinn Decl."), ¶¶ 5-6, Ex. A. The deadline for SIMC to install the trommel enclosure was therefore December 16, 2021.

There were delays. Although the trommel's metal structure was built, the mesh material that actually performs the dust containment was not immediately installed. The parties agree that this was not finished until March 3, 2022, 77 days after the deadline. Dkt. #91 at 4; Dkt. #94 at 7. SIMC has refused to pay the $1,000 per day penalty.

Soundkeeper now moves the Court to find SIMC in civil contempt of the Amended Consent Decree and for the Court to order SIMC to pay stipulated penalties, interest, and Soundkeeper's attorneys' fees and costs in bringing this motion.

Clean Water Act consent decrees are judgments which may be enforced by judicial sanctions in a civil contempt proceeding. *Las Vegas v. Clark Cty.*, 755 F.2d 697, 701 (9th Cir. 1984); Nw. *Envtl. Def. Ctr. v. H&H Welding*, No. 3:13-cv-00653-AC, 2015 U.S. Dist. LEXIS 162182, at *43 (D. Or. Oct. 13, 2015); *see also Nehmer v. U.S. Dept. of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir. 2007) ("It is well established that the district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold parties in contempt for violating the terms therein."). To justify civil contempt, the moving party must prove by clear and convincing evidence that the nonmoving party violated a court order. *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013).

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE – 3

"Substantial compliance" may provide a defense to an action for civil contempt. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).  However, the defense does not exist where there is a "failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  To determine whether a party substantially complied with a consent decree, the Court must take a "holistic view of all the available information," to see if the level of compliance "overall was substantial, notwithstanding some minimal level of noncompliance." *Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1122 (9th Cir. 2009); *Puget Soundkeeper Alliance v. Rainier Petroleum Corp.*, W.D. Wash. No. C14-0829JLR, 2017 U.S. Dist. LEXIS 208663 (Dec. 19, 2017).

Soundkeeper argues that the delay was due to SIMC's lack of diligence:

> SIMC waited until September 2021 before preparing to select the type of mesh material necessary for completing the trommel enclosure – over a year after completing design drawings and submitting the necessary City of Seattle permit application. Kinn Decl. ¶ 10. Knowing full well that the Consent Decree required installation within 21 of weeks of permit issuance, SIMC waited to select and order that necessary material until the installation deadline was imminent. *Id*. ¶ 21. SIMC's attempts to blame third parties for its own delay should not be well-taken.

Dkt.#89 at 3.  Soundkeeper also attempts to cut off a "substantial compliance" argument:

> Soundkeeper anticipates that SIMC may argue that it believes it has substantially complied with the trommel enclosure installation deadline because it had largely erected the enclosure's frame by that date. The Court should not be convinced. The entire purpose of installing the trommel enclosure is to enclose the trommel, thereby containing dust emissions generated by the processing that occurs within its giant rotating drum. Dkt. 88 at 5. Erection of the enclosure's frame without installing the mesh material that actually performs the dust containment does no more than create a structure that fails in its raison d'être.

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE – 4

1

2      *Id*. at 10.

3          In Response, SIMC argues that it completed the trommel enclosure "as contemplated

4      under the express language of the Amended Consent Decree" within the 21-week deadline, and

5      that it completed the installation of the trommel enclosure's cladding—which was not subject to

6      the 21-week deadline or any other contractual deadline—within an objectively reasonable

7      amount of time.  Dkt. #91 at 1–2.  SIMC does not cite the force majeure clause.

8

9          The Court has reviewed the record and the briefing of the parties and finds that SIMC

10     did not achieve substantial compliance within the deadline.  SIMC makes much hay out of the

11     Amended Decree language "permitted trommel enclosure," as if it was only required to install

12     exactly what was in the City of Seattle permit, a metal frame; the Court instead reads this as

13     requiring the installation of the trommel enclosure as contemplated earlier in the Amended

14     Consent Decree, and that it be permitted.  Substantial compliance in this case meant erection of

15     a functioning trommel *enclosure*, the meaning of that word being clear to the Court and well

16     known to the parties.  The metal frame constructed before the deadline supported the trommel

17     enclosure, it was not itself the trommel enclosure.  While SIMC points to certain of its actions

18     that demonstrate diligence (and cooperation with Soundkeeper), other prior actions and

19     inactions reflect a lack of diligence, like the delay in selecting the mesh material.  Given all of

20     the above, the Court finds by clear and convincing evidence that SIMC violated the Amended

21     Consent Decree and that the relief requested by Soundkeeper is appropriate.  The Court declines

22     to award interest as a sanction as such is outside the penalties contemplated by the Amended

23     Decree.

24

25         Soundkeeper's request to take discovery on this issue is moot.

26

27

28

29

30

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE – 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Having reviewed the relevant briefing and the remainder of the record, the Court hereby FINDS and ORDERS that:

1) Not later than thirty (30) days from the date of this Order, SIMC shall pay $77,000 in stipulated penalties to Just Health Action, for environmental benefit projects in the Duwamish River and central Puget Sound watersheds, as described in **Attachment B** of the 2020 Consent Decree, Dkt. #88 at 29.  Payment shall be made by check to the address provided in Attachment B.  Payment shall include the following reference in a cover letter or on the check: "Stipulated Penalties and Sanctions, *PSA v. Seattle Iron & Metals Corp*; For the benefit of the Duwamish Valley Clean Air Program."  SIMC shall notify the Court and Soundkeeper once it has made the payment.

2) The Court declines to award interest as a sanction.

3) The Court further orders that SIMC will pay $2,000 per day in coercive sanctions should it fail to timely comply with this Order.

4) Soundkeeper is a prevailing party in this proceeding.  SIMC shall pay for Soundkeeper's costs, including reasonable attorneys' fees, incurred in enforcing the Consent Decree. Soundkeeper is directed to file an accounting of these costs within two weeks of this Order.  The Court will review this accounting and issue a subsequent order.  No response is needed from SIMC unless requested by the Court.

DATED this 3rd day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE – 6