IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>        Plaintiff,<br><br>        v.<br><br>SEATTLE IRON & METALS CORP.,<br><br>        Defendant. | Case No. C12-1201RSM<br><br>ORDER AWARDING ATTORNEYS' FEES |

      This matter comes before the Court on Plaintiff Puget Soundkeeper Alliance ("Soundkeeper")'s Motion to Enforce Consent Decree, Dkt. #89, and the Court's Order at Dkt. #95. On February 3, 2023, the Court granted Plaintiff's Motion, found that Plaintiff was a prevailing party, and directed Defendant to pay for Plaintiff's reasonable attorneys fees as required under Paragraph 11 of the Consent Decree. Dkt. #95 at 6. The Court directed Plaintiff to file an accounting of these costs. Plaintiff has now filed that accounting with attached declarations. *See* Dkts. #97 through #99. Plaintiff seeks a reduced total of $18,000 for over 58 hours of work billed at a rate of $385 per hour. *Id.* Plaintiff submits detailed billing records. *See* Dkt. #98-1 and #99-1. No costs are requested.

ORDER AWARDING ATTORNEYS' FEES – 1

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id*. at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

The Court has reviewed that accounting and finds that the requested hours, hourly rate, and total fees are reasonable. While it is not entirely clear why the hours were reduced by Plaintiff, the Court's own review of the billing records would have resulted in a reduction from the highest possible requested amount. The Court's potential reduction is consistent with, or possibly would have been less than Plaintiff's self-imposed reduction. Accordingly, $18,000 reflects a fair and reasonable approximation of the fees that should be awarded in this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby FINDS and ORDERS that: not later than thirty (30) days from the date of this Order, Defendant SIMC shall pay $18,000 to Plaintiff Soundkeeper Alliance as reasonable attorneys' fees incurred in enforcing the Consent Decree.

DATED this 21st day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AWARDING ATTORNEYS' FEES – 2