UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

Plaintiff,

v.

SEATTLE IRON & METALS CORP.,

Defendant.

Case No. C12-1201-RSM

ORDER DENYING MOTION FOR
RECONSIDERATION AND
CLARIFICATION

This matter comes before the Court on Plaintiff Puget Soundkeeper Alliance's Motion for Reconsideration and Clarification. Dkt. #119. The Court has determined that oral argument is unnecessary.

The relevant facts in this case have already been set forth by the Court in its Order granting in part Puget Soundkeeper's Motion to Enforce and Modify Consent Decree and are incorporated here by reference. *See* Dkt. #116. Two weeks after that Order, Puget Soundkeeper filed the instant Motion, which "seeks clarification on the Court's finding that SIMC is required to install a deduster" per the parties' Consent Decree, and requests that the Court further extend the Consent Decree and impose sanctions. Dkt. #119 at 1 and 4.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing

ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFICATION - 1

of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

In its prior Order, the Court found that "SIMC agreed to build . . . an 'auto shredder enclosure.' This enclosure was part of a required 'deduster' under the Amended Consent Decree, which would work to contain SIMC's dust emissions." Dkt. #116 at 2. While the parties disagreed as to SIMC's violation for failing to build the deduster, the Court found that the parties' argument was unnecessary because SIMC violated the Consent Decree through its lack of communication and "unilateral decisions" as to "a dispute over the very necessity of building a deduster [that] would fall under" the Consent Decree's dispute resolution process. *Id*. at 7. The Court then extended the Decree's deadline by six months to give "the parties ample time to meet and confer on remaining requirements and file, if any, further requests for modifications." *Id*. at 9.

Puget Soundkeeper does not point to any manifest error in the Court's Order and requests clarification where none is needed. Instead, it seems that Soundkeeper disagrees with the outcome due to SIMC's alleged lack of action and compliance through its belief that it does not have to build the deduster that "SIMC agreed to build . . . under the Amended Consent Decree." Dkt. #116 at 2; *see* Dkts. #119 at 6 and #120. Clearly, the six-month extension is for SIMC to cure its failure to follow the dispute resolution clause and allow the parties to attempt resolving their disagreement in good faith and move for necessary modifications, if any, before the deadline. Without  modification to the Consent Decree, Puget Soundkeeper may move for

ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFICATION - 2

enforcement and sanctions at a later date, but this request is premature at this time. Accordingly, the Court stands by its prior Order and will deny Puget Soundkeeper's requests. However, the Court directs the parties to file a Joint Status Report by July 15, 2026, to update the Court on the parties' communications and any future requests or motions well before the Consent Decree's expiration on September 15, 2026.

Accordingly, having considered the instant Motion and remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff Puget Soundkeeper Alliance's Motion for Clarification and Reconsideration, Dkt. #119, is DENIED.

(2) The parties shall file a Joint Status Report no later than July 15, 2026, as described above.

DATED this 28th day of April, 2026.

Ricardo S. Martinez
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFICATION - 3